UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DILCIA CONROY,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW SIMPSON, Pierce County Deputy Sheriff,<br><br>Defendant. | CASE NO. 3:26-cv-05848-BHS<br><br>ORDER |

Before the Court are two related cases filed by pro se plaintiff Dilcia Conroy arising from the same underlying incident, *Conroy v. Gibbs, et. al*, No. 26-5847 and *Conroy v. Simpson*, No. 26-5848. Magistrate Judge Grady Leupold and Magistrate Judge David Christel reviewed and granted Conroy's applications to proceed *in forma pauperis*, based on her indigency, leaving to this Court the evaluation of whether her complaints assert a plausible claim and should be served. No. 26-5847, Dkt. 5; No. 26-5848, Dkt. 3.

As an initial matter, these cases arise out of the same facts and they are **CONSOLIDATED** under the first filed cause number, No. 26-5847. The latter case,

No.26-5848, is **DISMISSED** without prejudice. Conroy shall file an amended complaint listing all defendants and all claims in this case by October 16, 2026.

Conroy alleges that on December 13, 2024, she attempted to enter the Orting courthouse to file documents related to her husband Shaun Conroy's[1] criminal prosecution, but was denied access and told by defendant detective Jadyn Gibbs, "they don't want you here." No. 26-5847, Dkt. 6 at 2. On December 17, Conroy returned with Shaun for a scheduled court hearing and was permitted to enter the courthouse without incident. *Id.* Conroy observed Shaun attempt to file documents with the clerk's office, but defendant sergeant Ed Turner refused to accept them and instructed Shaun to provide the documents to the prosecutor for filing. *Id.* at 7. Conroy then apparently "peacefully attended court." *Id.* Conroy alleges that the next day she was served with a trespassing order, signed by Turner, restricting her access to the courthouse and city hall.

Conroy contends that the trespass order prevented her from attending Shaun's November 2025 court hearings. She alleges that, despite repeatedly emailing the court clerk to request zoom access to the hearings, she received no response.

Conroy sues, asserting 42 U.S.C. § 1983 claims for violations of her First and Fourteenth Amendment rights. No. 26-5847, Dkt. 6; No. 26-5848, Dkt. 4.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted);

[1] For clarity, the Court refers to Shaun by his first name, no disrespect intended.

*see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Conroy's complaint appears to plausibly allege a constitutional claim arising from the officers' alleged interference with her access to the courthouse.[2] The Court therefore

[2] It is not clear whether Conroy also asserts a claim based on watching her husband unsuccessfully attempt to file some document in his own criminal case, but it is clear that she could not assert a plausible claim based on that, even if Shaun could.

concludes that Conroy is entitled to proceed *in forma pauperis*, and to have her complaint served under Federal Rule of Civil Procedure 4(c)(3).

Conroy must obtain summonses from the Clerk's office, and provide the summonses and amended complaint, along with the defendants' addresses, to the Clerk. *See also* LCR 4. The Clerk shall assemble the summons and the complaint, and the U.S. Marshal or someone specially appointed shall serve defendants the summons and complaint on Conroy's behalf. Conroy may consult the Clerk's Office's Guide for further instructions: https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf.

Conroy's motion for service of process, Dkt. 4, is **GRANTED**, to the extent she complies with these procedural requirements.

IT IS SO ORDERED.

Dated this 2nd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge